UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  | ) |  |
|---|---|---|
| IN RE: HELEN A. DOUGHTY | ) | No. 1:25-cv-00400-JAW |
|  | ) |  |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Shortly after the Court dismissed her prior complaint for lack of jurisdiction and, alternatively, for failing to state a claim and invoking frivolous sovereign citizen legal theories, *see Doughty v. Gateway Title*, No. 1:25-cv-00380-NT, ECF No. 13 (D. Me. July 24, 2025) (rec. dec.), *aff'd*, 2025 WL 2197144 (D. Me. Aug. 1, 2025), *appeal docketed*, No. 25-1736 (1st Cir. Aug. 4, 2025), Helen A. Doughty initiated this matter by filing a document titled "VERIFIED EMERGENCY COMPLAINT FOR EQUITABLE SETTLEMENT OF CESTUI QUI VIE TRUST ESTATE AND DISCHARGE OF DEBT," Complaint (ECF No. 1) at 1. She has since made several additional filings. *See* ECF Nos. 3-13.

Because I granted Doughty's application to proceed *in forma pauperis*, *see* ECF No. 17, her complaint is before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). I recommend that the Court **DISMISS** Doughty's complaint and **MOOT** any pending motions. Doughty fails to allege any facts supporting the existence of federal jurisdiction—she explicitly names "NO DEFENDANTS" and seemingly makes only state law claims relating to a purported trust or estate. *See* Complaint 1-2; *FLTR, Inc. v. Safe & Clean Prot., LLC*, No. 21-CV-11546-AK, 2022 WL 16574047, at *1 (D. Mass. Apr. 15, 2022) ("Federal courts are of limited jurisdiction, and may generally only adjudicate civil actions

arising under federal laws, *see* 28 U.S.C. § 1331, and those where the parties have complete diversity of state citizenship and the amount in controversy exceeds $75,000, *see* [28] U.S.C. § 1332."). Moreover, Doughty's entire complaint appears to be premised on frivolous sovereign citizen legal theories. *See, e.g.*, *Wood v. United States*, 161 Fed. Cl. 30, 34 (Fed. Cl. 2022) ("Sovereign citizens . . . sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court." (footnote omitted)); *id.* at 35 ("[T]he legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement.").

I also recommend that the Court **WARN** Doughty that further frivolous filings may result in the imposition of filing restrictions limiting her ability to bring actions in this District. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

Finally, given the obvious frivolity of her complaint, I recommend that the Court **CERTIFY** that any appeal from its order of dismissal would not be taken in ggood faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: August 13, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge