UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| IN RE HELEN A. DOUGHTY | )<br>)<br>)<br>)<br>) | 1:25-cv-00400-JAW |

**ORDER ON RECOMMENDED DECISION AND OBJECTION**

After de novo review, a federal court affirms a magistrate judge's
recommendation that the court dismiss a complaint for lack of subject matter
jurisdiction and additionally dismiss all pending matters on this docket as moot.  The
court also agrees with the magistrate judge that an appeal from this order of
dismissal would not be taken in good faith and additionally warns the plaintiff, who
has recently filed two frivolous actions in this district based on sovereign citizen legal
theories, that filing restrictions may be in the offing if she continues to commence
suits in accordance with the sovereign citizen movement.

I.    **BACKGROUND**

On August 4, 2025, Helen A. Doughty commenced a civil action "seeking
judicial recognition, full settlement, reconveyance, and discharge of debt associated
with the legal fiction 'HELEN AMY DOUGHTY' and its derivative accounts" and
asserting "[n]o named Defendants are necessary in this action in equity." *Emergency
Verified Compl. for Jud. Settlement of Cestui Que Vie Tr. and Est.* at 1 (ECF No. 1)
(*Compl.*) (capitalization in original).  On the same day, Ms. Doughty filed a motion to
proceed without the prepayment of fees, *App. to Proceed in Dist. Ct. Without*

*Prepaying Fees or Costs* (ECF No. 2), which a United States Magistrate Judge granted on August 13, 2025. *Order* (ECF No. 17).

Meanwhile, between August 4, 2025 and August 13, 2025, Ms. Doughty submitted a series of motions, notices, and letters, many of which she labeled as emergent. *Mot. for Deposit Under Rule 67 of the Fed. Rules of Civ. P.* (ECF No. 3); *Letter* (ECF No. 5) ("Re: Emergency Notice of Homelessness and Urgent Request for Relief"); *Emergency Mot. to Approve Promissory Note and Immediate Settlement of Prop. Claim with Req. for Injunctive Relief* (ECF No. 6); *Emergency Notice to Clerk of Ct.: Material Facts and Demand for Immediate Jud. Settlement and Possession* (ECF No. 8); *Suppl. Emergency Notice of Imminent Irreparable Harm* (ECF No. 9); *Letter* (ECF No. 10); *Emergency Notice and Req. for Immediate Status Update* (ECF No. 11); *Emergency Req. for Immediate Notification and Weekend Enforcement Upon Entry of Order* (ECF No. 12); *Ex Parte Req. for Immediate in Camera Rev. and Expedited Ruling* (ECF No. 13); *Letter* (ECF No. 14); *Emergency Mot. for Immediate Relief, Temp. Inj., and Appointment of Temp. Tr.* (ECF No. 15)[1]; *Notice of Am. of Case Title* (ECF No. 16).

---

[1]    On August 13, 2025, the Court dismissed Ms. Doughty's request for a temporary restraining order (TRO) without prejudice "because she has impleaded no defendants and therefore any TRO would be theoretical only" and "there is no adverse party against whom the TRO could issue as required by Federal Rule of Civil Procedure 65(b)." *Order* (ECF No. 19). The Plaintiff then filed a motion for reconsideration, in which she asked the Court for guidance on how to proceed. *Resp. to Dismissal of Emergency Mot. for TRO* at 1 (ECF No. 21). On August 14, 2025, the Court dismissed Ms. Doughty's motion for reconsideration without prejudice because "[t]he Court . . . may not give legal advice to a party in a federal proceeding" and "[t]he Court has considered Ms. Doughty's other arguments and concludes they are non-meritorious." *Order* (ECF No. 22) (citing *Flores v. United States*, 227 F. Supp. 45, 48 (D.P.R. 1971)).

On August 13, 2025, the Magistrate Judge, after performing a preliminary review pursuant to 28 U.S.C. § 1915(e)(2), recommended the Court dismiss Ms. Doughty's complaint for lack of subject matter jurisdiction and because it is based on discredited sovereign citizen legal theories, deem all pending motions moot on account of the complaint's dismissal, certify that any appeal of the Court's order of dismissal would not be taken in good faith, and warn the Plaintiff that filing restrictions may be warranted if she continues to file frivolous actions in this District. *Recommended Decision after Prelim. Rev.* at 1-2 (ECF No. 18) (*Rec. Dec.*).  Ms. Doughty timely objected to the recommended decision on August 13, 2025. *Obj. to Recommended Decision and Req. for Emergency Relief* (ECF No. 20) (*Pl.'s Obj.*).

## II.    THE MAGISTRATE JUDGE'S RECOMMENDED DECISION

The Magistrate Judge recommends the Court dismiss Ms. Doughty's complaint on the ground that she "fails to allege any facts supporting the existence of federal jurisdiction—she explicitly names 'NO DEFENDANTS' and seemingly makes only state law claims relating to a purported trust or estate." *Rec. Dec.* at 1-2 (quoting *Compl.* at 1-2 (emphasis in original) and citing *FLTR, Inc. v. Safe & Clean Prot., LLC*, No. 21-CV-11546-AK, 2022 U.S. Dist. LEXIS 200236, at *2 (D. Mass. Apr. 15, 2022) (citation amended) ("Federal courts are of limited jurisdiction, and may generally only adjudicate civil actions arising under federal laws, *see* 28 U.S.C. § 1331, and those where the parties have complete diversity of state citizenship and the amount in controversy exceeds $75,000, *see* U.S.C. § 1332")).  The Magistrate Judge also recommends dismissal because that the Plaintiff's "entire complaint appears to be

3

premised on frivolous sovereign citizen legal theories." *Id.* at 2 (citing *Wood v. United States*, 161 Fed. Cl. 30, 34 (Fed. Cl. 2022) ("Sovereign citizens . . . sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court"); *id.* at 35 ("[T]he legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement")).

In addition, the Magistrate Judge recommends the Court conclude that all pending motions on this docket are moot, certify that any appeal of the order of dismissal would not be taken in good faith, and, upon observing that Ms. Doughty has recently filed multiple baseless actions in this District, warn her that filing restrictions may be in the offing pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993). *Id.* (discussing *Doughty v. Gateway Title*, No. 1:25-cv-00380-NT, *Recommended Decision After Prelim. Rev.* (ECF No. 13); *id.*, *Order Affirming the Recommended Decision of the Mag. J.* (ECF No. 20)).

## III.    HELEN A. DOUGHTY'S OBJECTION

Ms. Doughty objects to the Recommended Decision on multiple grounds, first claiming the Magistrate Judge "mischaracterizes Plaintiff's legal theories as 'sovereign citizen' arguments." *Pl.'s Obj.* at 1. She adds:

> Prior to research, Plaintiff also considered "sovereign citizen" to be an oxymoron. Upon review of Roger B. Taney, Slaughter-House Cases, it is clear that the original citizens— "free white men and women"—formed the collective sovereignty under the Constitution. A sovereign citizen, in this context, is a party to the Constitution itself, distinct from U.S. citizens or resident aliens. This historical context remains relevant today.

4

*Id.* Ms. Doughty alleges her filings are supported by factual documentation, including trust instruments, promissory notes, and notices of beneficiary status, "all reflecting legitimate claims under trust and equity law." *Id.*

Next, the Plaintiff claims the Magistrate Judge "mischaracterize[s]" *Doughty v. Gateway Title*, No. 1:25-cv-00380-NT, a case she commenced recently in this District which District Judge Nancy Torresen dismissed for lack of subject matter jurisdiction, as precedent, explaining "[t]hat case never heard the merits, particularly regarding the title company's handling of the FSBO note." *Id.* Ms. Doughty adds that she and her minor son remain displaced due to eviction and lack of access to the property, which she claims amounts to irreparable harm. *Id.* On this point, the Plaintiff reasserts arguments raised in her motion for TRO, again urging the Court to take "[i]mmediate action" to, among other things, "[p]reserve Plaintiff's equitable interest in the property." *Id.* at 2.

As "guidance to the Court," Ms. Doughty requests the Magistrate Judge and this Court "avoid assumptions or labels that mischaracterize filings, as mislabeling is unbecoming and prejudicial." *Id.* (emphasis removed). In addition, seemingly responding to the Magistrate Judge's observation that her complaint pleads only state-law claims, Ms. Doughty asserts "[f]ederal law and trust principals support the claims presented, and proper evaluation of the trust documents and related instruments is necessary for justice." *Id.* Finally, she moves the Court to: (1) "[r]eject the Recommended Decision's characterization of the filings as frivolous or based on 'sovereign citizen' theories," (2) "[g]rant emergency relief recognizing the FSBO

promissory note for immediate reconciliation and protection of the home," (3) "[e]xpedite review and action to prevent further irreparable harm to Plaintiff and her minor son," and (4) "[c]onsider the factual and documentary record supporting Plaintiff's equitable and legal claims under trust law." *Id.*

## IV. LEGAL STANDARD

Plaintiff filed a timely objection to the Magistrate Judge's Recommended Decision, and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). Accordingly, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

## V. DISCUSSION

After de novo review of the Magistrate Judge's Recommended Decision, considered together with the entire record, the Court affirms the Magistrate Judge's recommendation of dismissal and orders that this case be dismissed.

The Court struggles to make heads or tails of Ms. Doughty's complaint and objection but agrees fully with the Magistrate Judge's determination that the Court lacks subject matter jurisdiction over this action. "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed," and "the proponent . .

6

. must carry the burden of demonstrating the existence of federal jurisdiction." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998) (citing, e.g., *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996)). Here, the Magistrate Judge is undeniably correct that Ms. Doughty cannot invoke this Court's diversity jurisdiction, for the simple reason that, as she herself acknowledges, she names no defendants in this action and, thus, there cannot be diversity of citizenship pursuant to 28 U.S.C. § 1332. *See Compl.* at 1 ("No named defendants are necessary in this action in equity").

The Court also agrees with the Magistrate Judge's determination that the Court lacks federal question jurisdiction over Ms. Doughty's case. Federal district courts have original jurisdiction over "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Generally, a claim arises under federal law within the meaning of section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint." *Viqueira*, 140 F.3d at 17 (citing, e.g., *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (citation amended)). With only a few exceptions— none of which pertains here—the well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint. *Id.* (citing, e.g., *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 15 n.1 (1st Cir. 1991)). As the Magistrate Judge correctly notes, Ms. Doughty "seemingly makes only state[-]law claims relating to a purported trust or estate," *Rec. Dec.* at 1 (citing *Compl.* at 1-2), and her unsupported proffer in

her objection that "[f]ederal law and trust principals support the claims presented," *Pl.'s Obj.* at 2, does not change the result.  Although district courts must construe pro se pleadings liberally, *Sanchez v. Brown Univ.*, No. 23-1983, 2024 U.S. App. LEXIS 15530, at *1 (1st Cir. 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a litigant's pro se status "does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).  Here, the Court agrees with the Magistrate Judge's recommendation of dismissal because Ms. Doughty has not met her burden, as the proponent, to establish federal jurisdiction over this case.  *Viqueira*, 140 F.3d at 16.  Because the Court agrees with the Magistrate Judge that it lacks jurisdiction over Ms. Doughty's case, it also affirms the Magistrate Judge's recommendation that the Court dismiss all other pending matters on this docket as moot.[2]

Second, the Court agrees with the Magistrate Judge, for the reasons explained within her recommended decision and in this order, that a *Cok* warning is warranted here—namely because, on the Magistrate Judge's review and this Court's confirmation, Ms. Doughty has recently filed two actions in this District based on sovereign citizen legal theories.  Although Ms. Doughty in her objection disputes that

---

[2]        In addition to challenging the Magistrate Judge's recommendation of dismissal, Ms. Doughty's objection also reasserts her request for emergency injunctive relief.  *See Pl.'s Obj.* at 2 (asking the Court to "[g]rant emergency relief recognizing the FSBO promissory note for immediate reconciliation and protection of the home").  The Court dismisses this request for a TRO for the same reasons the Court dismissed Ms. Doughty's previous request for the same relief, namely that, "because she has impleaded no defendants . . . [,] any TRO would be theoretical only," and, in addition, "there is no adverse party against whom the TRO could issue as required by Federal Rule of Civil Procedure 65(b)." *Order* (ECF No. 19) (dismissing Emergency Motion for Immediate Relief, Temporary Injunction, and Appointment of Temporary Trustee (ECF No. 15)); *see also Order* (ECF No. 22) (dismissing Plaintiff's request for reconsideration as non-meritorious).

her complaint in the instant case is grounded on sovereign citizen claims, *see Pl.'s Obj.* at 1, the Court agrees with the Magistrate Judge's observation that Ms. Doughty's claims are "not based in law but in the fantasies of the sovereign citizen movement."[3] *Rec. Dec.* at 2 (quoting *Wood*, 161 Fed. Cl. at 34); *see also Cargill v. United States*, No. 25-175, 2025 U.S. Claims LEXIS 1045, at *11 (Fed. Cl. Apr. 28, 2025) ("even if plaintiff does not embrace the sovereign citizen label, we can construe her claims as rooted in that theory, as the claims and documents mirror those that have been previously brought and dismissed before us") (internal quotation marks and citation omitted).

The Court agrees with the Magistrate Judge for the following reasons:

(1) Ms. Doughty's complaint and its attachments are replete with references to a cestui que vie trust. *Compl.* at 1-2, 4-5, 7-11, 13, 18, 20-21, 23; *see also Wood*, 161 Fed. Cl. at 34 ("Sovereign citizens . . . sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court").

(2) In addition, in her complaint in this action, Ms. Doughty refers to herself as "Helen-Amy: Doughty." *Compl.* at 1. The imposition of a colon between one's given name and surname, as here, is a hallmark of a sovereign citizen. *U.S. Bank, N.A. v. Janelle*, No. 2:20-cv-00337-JAW, 2021 U.S. Dist. LEXIS

---

[3]    It does not matter whether Ms. Doughty agrees that she is asserting sovereign citizen claims. As described here, if not a sovereign citizen, she fits within a more general category of pseudolitigant. *See* SAMUEL BARROWS, SOVEREIGNS, FREEMEN, AND DESPERATE SOULS: TOWARDS A RIGOROUS UNDERSTANDING OF PSEUDOLITIGATION TACTICS IN U.S. COURTS, 62 B.C.L. REV. 905, 916-17 (2021); COLIN MCROBERTS, TINFOIL HATS AND POWDERED WIGS: THOUGHTS ON PSEUDOLAW, 58 WASHBURN L. REV. 637 (2019).

199422, at *20-23 (D. Me. Oct. 15, 2021) (citing SAMUEL BARROWS, SOVEREIGNS, FREEMEN, AND DESPERATE SOULS: TOWARDS A RIGOROUS UNDERSTANDING OF PSEUDOLITIGATION TACTICS IN U.S. COURTS, 62 B.C.L. REV. 905, 916-17 (2021)).  In addition, Ms. Doughty refers to herself as "the legal fiction "HELEN AMY DOUGHTY," *Compl.* at 1, another sign of a sovereign citizen. *Cargill*, 2025 U.S. Claims LEXIS 1045, at *11 ("plaintiff repeatedly distinguishes between her 'natural' name (first letter capitalized) and her 'corporation' name (all capitals with a copyright sign), which is another sign of sovereign citizen belief"); *Wood*, 161 Fed. Cl. at 34 ("sovereign citizen plaintiffs often make a distinction between their names written in all capital letters and the same names written with just the initial letters capitalized").

(3)  Ms. Doughty also refers to herself as "a living woman." *Compl.* at 1.  As the Magistrate Judge elsewhere observed, this odd phraseology is an "unnecessary clarification." *Doughty v. Gateway Title*, No. 1:25-cv-00380-NT, *Recommended Decision After Prelim. Rev.* at 3.  Similar terminology is an indication of either sovereign citizens or pseudolitigants. *Janelle*, 2021 U.S. Dist. LEXIS 199422, at *20-23 (citing BARROWS, 62 B.C.L. REV. at 917).

(4) Ms. Doughty characterizes her own name as a "legal fiction . . . created through a U.S. birth certificate and Social Security account." *Compl.* at 1. This tactic attempts to separate Ms. Doughty from her actions as a plaintiff. *Janelle*, 2021 U.S. Dist. LEXIS 199422, at *20-23 (citing BARROWS, 62

10

B.C.L. Rᴇᴠ. at 917); *see also Davis v. United States*, No. 09-862C, 2010 U.S. Claims LEXIS 113, at \*2 (Fed. Cl. Apr. 22, 2010) (sovereign citizen plaintiff referring to himself as a "corporate fiction").

(5)  The Plaintiff's objection to the Recommended Decision refers to Roger Taney and proclaims that the United States Constitution created a collective sovereignty among free white men and women. *Pl.'s Obj.* at 1 ("Prior to research, Plaintiff also considered 'sovereign citizen' to be an oxymoron. Upon review of Roger B. Taney, Slaughter-House Cases, it is clear that the original citizens— "free white men and women"—formed the collective sovereignty under the Constitution. A sovereign citizen, in this context, is a party to the Constitution itself, distinct from U.S. citizens or resident aliens. This historical context remains relevant today"). Ms. Doughty's general reference as authority to Chief Justice Taney, the author of the repugnant *Dred Scott*[4] decision is unsettling. Her reliance on the discredited *Slaughter-House Cases*[5] is also unusual. *See Saenz v. Roe*, 526 U.S. 489, 521-28 (1999) (Justice Thomas's dissenting discussion of the *Slaughter-House* cases).

(6) Ms. Doughty's reference to "free white men and women" is a non sequitur and makes no apparent sense, other than unnecessarily introducing race and gender into her argument.

---

[4]    *Dred Scott v. Sandford*, 60 U.S. 393 (1857).

[5]    *Slaughter-House Cases*, 83 U.S. 36 (1873).

(7) Finally, the Magistrate Judge and Judge Torresen observed many of these same references and theories in another case recently commenced by Ms. Doughty in this District.  *See Doughty v. Gateway Title*, No. 1:25-cv-00380-NT, *Recommended Decision After Prelim. Rev.*; *id.*, *Order Affirming the Recommended Decision of the Mag. J.*

Although Ms. Doughty's odd pleadings might be charitably viewed as merely eccentric, they fit within a broader pattern of abusive litigants who waste judicial resources and divert courts' attention from meritorious claims.  BARROWS, 62 B.C.L. REV. at 921 ("Though the bizarre and fanciful theories of pseudolitigants may make them seem like figures of bemusement, they are far from harmless").  This abuse of the Court's limited resources based on the submission of dubious, irrelevant, and repudiated legal theories will not be tolerated.  *See Cargill*, 2025 U.S. Claims LEXIS 1045, at *10 ("Claims predicated on sovereign citizen theories are frivolous") (citing *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (sovereign citizen legal theories are "summarily rejected" "as frivolous"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (sovereign citizen claims are "without merit" and "patently frivolous"); *Potter v. United States*, 161 Fed. Cl. 24, 29 (2022) ("There is no jurisdiction in this court for fictitious claims")).

Consistent with *Cok* and its requirement to warn litigants of potential filing restrictions, the Court expressly warns Ms. Doughty that "filing restrictions may be in the offing" if she continues to commence frivolous actions in this District.  *Cok*, 985 F.2d at 35.  The Court is conscious of its obligation under *Cok* to frame filing

12

restrictions "narrowly drawn to counter the specific offending conduct," and not to "improperly preclude access to the courts with respect to unrelated matters." *Id.* at 36. As such, the Court warns Ms. Doughty that, if she persists, the Court will contemplate a filing restriction limiting her right to file plainly meritless lawsuits based on "the fantasies of the sovereign citizen movement," *Wood*, 161 Fed. Cl. at 34, or those of the more amorphous category of pseudolitigant.

Finally, the Court affirms the Magistrate Judge's suggestion that the Court certify that any appeal from this order of dismissal would not be taken in good faith, on account of the clearly demarcated rules surrounding federal jurisdiction. *Rec. Dec.* at 2 (citing 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3)(A)).

## VI. CONCLUSION

Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court AFFIRMS Recommended Decision After Preliminary Review (ECF No. 18) and accordingly DISMISSES Helen A. Doughty's Emergency Verified Complaint for Judicial Settlement of Cestui Que Vie Trust and Estate (ECF No. 1), CERTIFIES that an appeal from this order would not be taken in good faith, and WARNS the Plaintiff that filing restrictions may be in the offing if she continues to file frivolous actions in this Court based on sovereign citizen legal theories.

Finally, having determined it lacks subject matter jurisdiction over this case, the Court DISMISSES as moot Helen A. Doughty's Motion for Deposit Under Rule 67 of the Federal Rules of Civil Procedure (ECF No. 3), Emergency Motion to Approve Promissory Note and Immediate Settlement of Property Claim with Request for

Injunctive Relief (ECF No. 6), Emergency Request for Immediate Notification and Weekend Enforcement Upon Entry of Order (ECF No. 12), Ex Parte Request for Immediate in Camera Review and Expedited Ruling (ECF No. 13), the pending request for appointment of temporary trustee contained within Emergency Motion for Immediate Relief, Temporary Injunction, and Appointment of Temporary Trustee (ECF No. 15), and Notice of Amendment of Case Title (ECF No. 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2025